## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MAXWELL ROULEAU, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 1:25-cv-00566-LEW |
| | ) |
| MAINE SCHOOL SOLUTIONS, | ) |
| LLC, and BECKET ACADEMY, | ) |
| INC., | ) |
| | ) |
| Defendants | ) |

## ORDER

In this case Maxwell Rouleau brings retaliation claims under the Maine Whistleblower Protection Act and the federal False Claims Act against his former employers Maine School Solutions (MSS), LLC, and Becket Academy, Inc. *See* ECF No. 1.   MSS, in its answer, asserts counterclaims against Rouleau for defamation and tortious interference with contractual and/or advantageous business relations.   *See* ECF No. 6.   Rouleau has filed a special motion to dismiss MSS's counterclaims under Maine's Uniform Public Expression Protection Act (UPEPA). *See* ECF No. 23.  Before me now is MSS's motion for leave to conduct limited discovery under UPEPA, which it contends it must be allowed to do before responding to Rouleau's special motion.  *See* Motion (ECF No. 24).[1]

UPEPA applies to claims against a person based on that person's petitioning

---

[1] I stayed the deadline for MSS to respond to Rouleau's special motion pending resolution of the issue of limited discovery.  *See* ECF No. 26.

activity or speech on matters of public concern.  *See* 14 M.R.S.A. § 733(2).  A party facing such claims "may file a special motion for expedited relief to dismiss the" claims.  14 M.R.S.A. § 734.  The court must dismiss the claims if the moving party establishes that UPEPA applies to the claims, the responding party fails to establish that UPEPA does not apply to the claims, and either (1) the responding party fails to establish a prima facie case as to each element of its claims, or (2) the responding party fails to state a claim or there is no dispute of material fact and the moving party is entitled to judgment as a matter of law.  *See* 14 M.R.S.A. § 738(1).  "[T]he court may allow limited discovery if a party shows that specific information is necessary to establish whether a party has satisfied" any of these burdens "and the information is not reasonably available unless discovery is allowed."  14 M.R.S.A. § 735(4).[2]

Here, MSS asserts that it needs limited discovery to respond to Rouleau's special motion and "assert its prima facie claim."  Reply (ECF No. 28) at 1. Specifically, it seeks information "regarding Rouleau's state of mind when he published" the allegedly "defamatory statements about MSS" and additional defamatory statements it believes Rouleau may have made based on discovery it obtained in a separate state court lawsuit.  Motion at 2-3.  It contends that this information "is necessary" for it to carry its burdens and "is not otherwise available." Motion at 1.

---

[2] MSS, at times, incorrectly suggests that it has a right to limited discovery under UPEPA. *See* ECF No. 25 at 3.  As evidenced by the word "may," however, whether to allow limited discovery is left to the court's "discretion."  UPEPA § 4, cmt. 4 (Unif. L. Comm'n 2025).

Rouleau opposes MSS's motion for limited discovery. He argues, among other things, that the scope of MSS's proposed discovery is poorly defined and far from limited. *See* Response (ECF No. 27) at 1, 5-8. He further argues that MSS has not shown that discovery is necessary because it does not cogently explain what information it hopes to uncover or how that information would help it meet its burdens to survive his special motion to dismiss. *See id.* Finally, he argues, in the alternative, that the Court should resolve the legal viability of MSS's counterclaims before deciding whether MSS has made a prima facie case. *See id.* at 9-10.

I begin my analysis by agreeing with MSS on several points of law. I agree that MSS would be required as part of establishing a prima facie defamation claim to present evidence of Rouleau's state of mind and that he published the alleged defamatory statements to a third party. I also agree that, in enacting UPEPA, the Maine Legislature accepted the drafting comments of the Uniform Law Commission, *see* P.L. 2023, ch. 626, § 6, and that those comments note that UPEPA permits limited discovery because "a party may not have the evidence it needs—for example, evidence of another individual's state of mind in a defamation action—prior to filing or responding to a [special] motion," UPEPA § 4, cmt. 4 (Unif. L. Comm'n 2025). And I agree that courts in other jurisdictions have permitted limited discovery under UPEPA. *See, e.g.*, *Wunsch v. CTE Republicans for Englewood Cliffs*, 351 A.3d 648, 659-60 (N.J. Super. Ct. App. Div. 2026) (affirming a trial court's decision to permit limited UPEPA "discovery regarding publication, actual malice, and damages"). Finally, I will also accept—without deciding the issue—MSS's position that the Court

will have to determine whether it has made a prima facie case before deciding the legal viability of its counterclaims.

Notwithstanding my acceptance of these various points, however, I conclude that MSS has not satisfied the statutory criteria for UPEPA limited discovery.

As an initial matter, I agree with Rouleau that the scope of MSS's proposed discovery is not sufficiently limited. MSS is not specific about its envisioned discovery process but seemingly intends to request broadly "[a]ny messages, notes, drafts, or other communications" in Rouleau's possession related to this case and then depose him in order to "truly understand what [he] actually knew or believed." Reply at 3-4. Such wide-ranging discovery would take a significant amount of time and effort, and I am not convinced that it can be fairly described as "limited."[3]

More importantly, MSS has not shown that discovery is necessary for it to make a prima facie case with respect to its counterclaims. "[P]rima facie proof is a low standard" that "requires only some evidence on every element of proof necessary to obtain the desired remedy." *Camden Nat'l Bank v. Weintraub*, 2016 ME 101, ¶ 11, 143 A.3d 788 (cleaned up). By its own description, MSS already possesses some evidence that, according to it, shows Rouleau was a disgruntled employee who published false statements to third parties. *See* ECF No. 6 at 22-29 (describing, in MSS's counterclaims, Rouleau's job performance issues and quoting many of his allegedly defamatory emails); Motion at 2 (noting that MSS has received discovery in a separate state court case indicating that Rouleau has published additional

---

[3] MSS's argument that Rouleau's claims would entail much of the same discovery later in the case, *see* Reply at 1-2, does not change the fact that the discovery it seeks now, under UPEPA, is not limited.

defamatory statements about it); Reply at 4 (noting that MSS possesses emails that Rouleau submitted to the Maine Human Rights Commission that show he published allegedly defamatory statements to third parties). Contrary to its arguments, MSS does not need direct evidence of Rouleau's state of mind or knowledge of his every communication to make a prima facie case. *See* UPEPA § 7, cmt. 4 (Unif. L. Comm'n 2025) ("[T]he responding party should be afforded a certain degree of leeway in carrying its burden due to the early stage at which the motion is brought and heard and the limited opportunity to conduct discovery." (cleaned up)); *cf. Yes on 24-367 Comm. v. Deaton*, 367 P.3d 937, 944-45 (Or. Ct. App. 2016) ("[A]t this anti-SLAPP stage, plaintiff does not have to *prove* that defendants acted knowingly or recklessly. Plaintiff need only present substantial evidence of a *prima facie* case. We do not agree that plaintiff's failure to submit *direct* evidence of defendants' mental state is fatal to its claim under these circumstances. Indeed, direct proof of a defendant's subjective state of mind is typically hard to come by, and intent, knowledge, and recklessness are often inferred from the circumstances." (cleaned up)).[4]

---

[4] MSS argues, somewhat confusingly, that forcing it to make a prima facie case without the opportunity for limited discovery would violate its right to a jury trial, *see* Reply at 1, as discussed by the Law Court in *Thurlow v. Nelson*, 2021 ME 58, ¶¶ 18-20, 263 A.3d 494. MSS's concern is misplaced. The Law Court in *Thurlow* indicated that Maine's prior anti-SLAPP law would violate a party's right to a jury trial under the Maine Constitution if it required a "judge to find facts that could result in the dismissal of a claim as to which the [party] has the right to a trial by jury." *Id.* ¶ 20. UPEPA does not require a judge to weigh evidence or find facts when analyzing whether a party has made a prima facie case, so it does not intrude on the right to a trial by jury. *See* UPEPA § 7, cmt. 4 (Unif. L. Comm'n 2025) ("[A]ll a responding party must do to satisfy its [prima facie burden] is produce evidence that, if believed, would satisfy each element of the challenged cause of action. A court may not weigh that evidence, but rather must take it as true and determine whether it meets the elements of the moved-upon cause of action."); *Thurlow*, 2021 ME 58, ¶¶ 19-20, 263 A.3d 494 (holding that a similar prima facie burden under Maine's prior anti-SLAPP law "stop[ped] short of calling upon a trial judge to find facts" and therefore did not abridge the right to a jury trial).

For these reasons, MSS's motion for limited discovery is **DENIED**.  MSS shall

respond to Rouleau's special motion to dismiss by August 20, 2026.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: July 30, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

6