**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| MAXWELL ROULEAU<br><br>*Plaintiff,*<br><br>v.<br><br>MAINE SCHOOL SOLUTIONS, LLC and BECKET ACADEMY, INC.,<br><br>*Defendants.* | ) | Case No. 1:25-cv-00566-LEW |

**<u>DECLARATION OF JACOB BEARCE</u>**

I, JACOB BEARCE, being over the age of eighteen (18) and competent in all respects to testify, hereby declare and affirm that the following is true and correct:

1. The facts set forth in this Declaration are based on my personal knowledge.

2. I have worked in this field, starting at Central Maine Learning Center, since 2000, in various capacities. Most recently, I have served as Behavioral Health Professional ("BHP") Supervisor. In that role, I (together with other BHP Supervisors) supervise all of the BHPs, oversee operations, and ensures client care meets ethical and regulatory standards.

3. I supervised Plaintiff, Maxwell Rouleau, during his employment from September 2023 until his termination in November 2024.

4. Shortly after Rouleau was hired, we noticed a pattern of conflict with coworkers and apparent dissatisfaction with workplace expectations. For example, in March 2024, while in the presence of a student with whom he was assigned to work, Rouleau stated that that the student's academic assignment was "too hard" for the student and "his brain [couldn't]

comprehend it," and, further, that Rouleau "did not like" working with that particular student. A copy of the writeup from this incident is attached as **Exhibit A.**

5. Although I had not seen this when it was sent, I have reviewed the email that Mr. Rouleau attached to his submission in the Maine Human Rights Commission, which he apparently sent to Maine Department of Education ("MDOE") employee Sarah Ferguson on October 26, 2024, attached as **Exhibit B to the Declaration of Brannen McGraw** at 3 (filed concurrently).

6. In relevant part, in this e-mail, Mr. Rouleau informed Ms. Ferguson, "The door for Quiet Room #1 does not stay shut on its own, Jacob Bearce instructed staff to hold the door so it stays shut but informed us not to document this as a seclusion."

7. I am familiar with both the state law on restraint and seclusion, 20-A M.R.S. Chapter 33, and the Rules that apply to these types of behavioral interventions. Mr. Rouleau's statement to Ms. Ferguson is false. I did **not** instruct any staff, including Mr. Rouleau, to hold a door shut and I did **not** instruct them not to document that closure as a seclusion.

8. Mr. Rouleau then goes on to tell Ms. Ferguson, "Jacob Bearce also instructed me to 'let them pass out' on multiple occasions where a student was either choking themselves with a piece of their clothing or hitting their head against the wall in the Quiet Rooms." (See **Ex. B to the Declaration of Brannen McGraw** at 4.)

9. Mr. Rouleau's statement is false and offensive. I never stated to anyone, including Mr. Rouleau, to "let [students] pass out," in any situation, but particularly if it appeared that the student may have been harming themselves. Moreover, no student under my supervision has ever "passed out" or been allowed to harm themselves.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09/17/2026

/s/ Jacob Bearce____
Jacob Bearce
BHP Supervisor